UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **RICHARD FLEMING, individually,**<br><br>-against-<br><br>**ENSITE USA, INC.** | No:   3:21-cv-382-DJH<br><br>**COMPLAINT** |

Richard Fleming ("Plaintiff"), individually, upon personal knowledge as to himself alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation, unpaid overtime and other damages for Plaintiff as a General Inspector, Senior Welding Inspector and Gas Inspector (collectively "Inspector") for EnSite USA, Inc. ("EnSite" or "Defendant").

2. Headquartered in Houston, Texas, EnSite is one of the country's "leading" full-service pipeline management companies, providing services to companies in the oil and energy industry across the United States.[1]

3. As part of EnSite's services, oil and energy companies' contract with EnSite to assign Inspectors to the contracting companies' ongoing construction projects.[2]

4. EnSite failed to compensate Plaintiff with overtime pay. Regardless of EnSite's customer, EnSite compensated Plaintiff with a set day-rate for most of his employment.

5. Plaintiff regularly works in excess of 40 hours each workweek.

6. Despite this, while paid a day rate, EnSite did not pay Plaintiff overtime compensation

---

[1] EnSiteUSA, *About, available at* https://www.linkedin.com/company/ensiteusa/.
[2] EnSiteUSA, *Inspection Services*, 2021, *available at* https://www.ensiteusa.com/services/independent-services/inspection/

1

for these hours.

7. Ensite was required to pay Plaintiff overtime pay, in part, because Ensite did not pay Plaintiff on a salary basis.

8. In that regard, EnSite only paid Plaintiff for time that he was at the jobsite and available to work.

9. One example of EnSite's unlawful practice is that EnSite would not pay Plaintiff if he missed work due to illness.

10. According to EnSite's, Handbook:

> **Sick Leave**
>
> **EnSiteUSA does not have a sick leave policy.** An employee who needs to take time off due to illness or non-FMLA leave should contact their immediate supervisor so arrangements can be made within the department.
>
> If using a paid-time-off day due to illness, employees must contact their supervisors directly when unable to work. Calling into the switchboard is not sufficient notice. Supervisors may need to redirect your work for the day, and must be aware of your attendance. Missing three (3) consecutive days of work may require a doctor's excuse/note for your file. This must be given to your supervisor, who will in turn have it filed in your personnel file with Human Resources.

Exhibit A, ENSITE00074.

11. EnSite failed to keep accurate records of the hours worked by Plaintiff. In an effort to keep costs down for their customers, EnSite required Plaintiff to report his *scheduled* start and end times rather than the actual hours he worked each day. Despite regularly working more than his scheduled shift, Plaintiff was not always permitted to record this time.

12. Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA") to remedy violations of the wage-and-hour provisions of the FLSA.

13. Plaintiff also brings this action pursuant to the Kentucky Wage and Hour Laws ("KWHL") to remedy violations of the wage-and-hour provisions of the KWHL.

## THE PARTIES

**Plaintiff**

### Richard Fleming

14. Richard Fleming ("Fleming") is an adult individual who is a resident of Kentucky.

15. Fleming has been employed by EnSite as a General Inspector, Senior Welding Inspector, and/or Gas Inspector from in or around May 2015 through the present in Louisville, Kentucky and West Virginia.

16. Fleming is a covered employee within the meaning of the FLSA and KWHL. A consent is being filed with this Complaint as Exhibit B.

17. Fleming is subject to a tolling agreement which tolled his claims for 133 days. Exhibit B, Tolling Agreement.

18. On August 26, 2019, Fleming filed a consent in the matter *Doyle v. EnSite USA Inc.*, No. 4:18-2941, Dkt. No. 37, (S.D. Tex.). The matter was decertified on May 22, 2022. *Id.* at 72.

**Defendant**

### EnSite USA, Inc.

19. EnSite USA, Inc. ("EnSite") is a foreign business corporation organized and existing under the laws of Texas.

20. EnSite's principal executive office is located at 3100 S. Gessner Ste. 400, Houston, Texas 77063.

21. At all times relevant, EnSite has been a covered employer within the meaning of the FLSA and KWHL.

22. At all times relevant, EnSite has employed Plaintiff.

23. EnSite paid Plaintiff a day rate and did not pay him overtime pay.

24. EnSite has maintained control, oversight, and direction over Plaintiff including

timekeeping, payroll, and other employment practices that applied to them.

25. During all times relevant, EnSite has had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337.

27. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

28. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

29. Defendant is subject to personal jurisdiction in Kentucky.

30. Venue is proper in the Western District of Kentucky pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## PLAINTIFF'S FACTUAL ALLEGATIONS

31. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

### Richard Fleming

32. Fleming has been employed by EnSite as a General Inspector, Senior Welding Inspector, and/or Gas Inspector from in or around May 2015 through the present in Louisville, Kentucky and West Virginia.

33. As an Inspector, Fleming performs ordinary inspection work, *i.e.*, Fleming performs routine inspection tests, using pre-determined guidelines and standards with little discretion in the performance of his work.

4

34. During his employment, Fleming has worked periods which could consist of 10 to 14 (or more) days straight. Fleming has been scheduled to work anywhere from 10 to 12 hours a day. Despite often working beyond his scheduled shift, Fleming has not always been permitted to record this additional time worked.

35. Throughout most of his employment, EnSite paid Fleming a set day rate regardless of the number of hours he worked in a week.

36. The amount of day rate Fleming received was set by EnSite and varied based on project EnSite assigned to Fleming.

37. When paid a day rate, Fleming was not compensated by EnSite if he was not at the jobsite and available to work.

38. When paid a day rate, EnSite did not pay Fleming overtime pay for hours worked beyond 40 in a workweek.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff.

41. Plaintiff worked in excess of 40 hours during some workweeks in the relevant period.

42. Defendant willfully failed to pay Plaintiff one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

43. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this


Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

44. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

45. As a result of Defendant's violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Kentucky Wage and Hour Laws – Overtime Wages

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. EnSite has engaged in a pattern and practice of violating the KWHL.

48. The conduct alleged violates Kentucky Revised Statues, KRS Chapter 337.285.

49. At all relevant times, EnSite was subject to the requirements of the KWHL.

50. At all relevant times, EnSite employed Plaintiff as an "employee" within the meaning of the KWHL.

51. The KWHL requires an employer like EnSite to pay Plaintiff at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

52. Plaintiff is entitled to overtime pay under the KWHL.

53. Within the relevant period, EnSite had a policy and practice of failing to pay overtime to Plaintiff for hours worked in excess of 40 hours per workweek.

54. Plaintiff is entitled to unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

55. Plaintiff is entitled to attorneys' fees, costs, and expenses of this action, to be paid by EnSite, as provided by Kentucky law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court grant the following relief:

A. Unpaid overtime wages pursuant to the FLSA and the supporting regulations;

B. Unpaid overtime and additional amounts as penalties pursuant to the KWHL;

C. Liquidated damages permitted by law pursuant to the FLSA;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: June 12, 2021
Houston, Texas

Respectfully submitted,

/s/ *Richard J. Burch*

Richard (Rex) J. Burch
**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
11 Greenway Plaza #3025
Houston, Texas 77046
Telephone: (713) 877-8788

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Frank J. Mazzaferro, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for the Plaintiff*